UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                  No. 97-CR-80260

vs.                                        Hon. Gerald E. Rosen

UWANDIA PRECIOUS OSAGHAE,

                Defendant.
_____/

ORDER DENYING PETITIONER'S FED. R. CIV. P. 60(b)(4)
MOTION TO VACATE VOID JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on 12/23/2005

PRESENT: Honorable Gerald E. Rosen
United States District Judge

      Defendant Uwandia Precious Osaghae was convicted of conspiring to pass counterfeit money in 1999 and in April 2000, he was sentenced to 46 months imprisonment and three years of supervised release.

      Osaghae was first tried on these charges in 1997. A mistrial was declared at that time because the jury was unable to reach a unanimous verdict. Osaghae was then retried in February 1999. In his opening statement to the jury, Defendant's attorney argued that there was no evidence connecting Osaghae to the Natoc Construction Company. The connection was important because several telephone calls had been made through a

1

phone in the company's name to Nigeria and Amsterdam while one of Osaghae's alleged co-conspirators was in those countries. The Government later advised the Court of its intention to introduce a Natoc Construction Company check that Osaghae had signed. That check turned out to be made out to Oasaghae's defense attorney, who immediately anticipated a conflict of interest. Recognizing a problem in defense counsel's continued representation, the Court declared a mistrial and granted defense counsel's motion to withdraw.

New counsel was subsequently appointed and a third trial was held. The check was admitted by stipulation at the third trial and Osaghae was convicted. He later moved to dismiss the indictment based on double jeopardy, however, Osaghae declined to present any substantive arguments on this motion and the Court, therefore, did not rule on his claim.

Osaghae then appealed to the Sixth Circuit and argued as one of his bases of appeal his double jeopardy argument. The Court of Appeals found no merit in Osaghae's arguments and affirmed this Court's judgment.

With respect to Osaghae's double jeopardy claim, the Sixth Circuit held:

> Oasaghae's double jeopardy claim lacks merit because he acquiesced in the decision to declare a mistrial. *See United States v. Gantley*, 172 F.3d 422, 428-29 (6th Cir. 1999.) The record indicates that defense counsel moved to withdraw because he immediately recognized a conflict of interest, that the parties had an opportunity to suggest alternatives to a mistrial, that the court determined that there was no viable alternative, and that defense counsel did not raise any objections -- even though the issue was discussed in chambers and on the record. Under these

> circumstances, we conclude that the defense implicitly consented to a mistrial. *See id.* at 429 & n. 4.
>
> Reprosecution was also allowed because counsel's conflict made the mistrial a manifest necessity. *See* [*United States v.*] *Combs*, 222 F.3d 353, 359-60 [(7th Cir. 2000)]; *Gantley*, 172 F.3d at 429-31. Osaghae argues that the government created a situation that led to mistrial by trying to introduce the check. However, he has not shown that the government intended to provoke a mistrial. *See United States v. White*, 914 F.2d 747, 752 (6th Cir. 1990). Indeed, it appears that the government tried to introduce the check only after the defense argued that there was no evidence connecting Osaghae with Natoc.

*See United States v. Osaghae*, 20 Fed. Appx. 369, 370 (6th Cir. 2001).

Osaghae now has returned to this Court and moves to vacate the Judgment against him pursuant to Fed. R. Civ. P. 60(b)(4) arguing that the Judgment entered against him is void because the Court acted in a manner inconsistent with due process by disregarding his right to be protected against double jeopardy when it declared a mistrial in the absence of manifest necessity.

"The concept of void judgments is narrowly construed." *Jalapeno Property Management LLC v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (Batchelder, J. concurring). As Judge Batchelder explained in *Jalapeno Property Management*,

> A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a

judgment be rendered void. *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir.1972) (footnotes omitted). For purposes of Rule 60(b)(4), a judgment is void if a court entered an order outside its legal powers. *Carter* [*v. Fenner*], 136 F.3d [1000,]1005 [5th Cir. 1998] (citation omitted). *See also Antoine* [*v. Atlas Turner, Inc.*], 66 F.3d [105,] 108 [(6th Cir. 1995)] (stating that a judgment is void under Rule 60(b)(4) only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law") (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir.1992)). This distinction between void and erroneous judgments serves to prevent the use of the Rule as a substitute for an appeal. *Hopper* [*v. Euclid Manor Nursing Home*], 867 F.2d [291,] 294 [(6th Cir. 1989)] ("The parties may not use a Rule 60(b) motion as a substitute for an appeal."). "[I]f a party fails to appeal an adverse judgment and then files a Rule 60(b)(4) motion after the time permitted for an ordinary appeal has expired, the motion will not succeed merely because the same argument would have succeeded on appeal." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir.1997) (citation omitted).

265 F.3d at 515-16.

In light of the foregoing principles, the question before the Court is a narrow one: whether the Court lacked jurisdiction to order a mistrial and allow the reprosecution of Defendant Osaghae after the conflict of interest of his defense counsel came to light. The Court of Appeals has already answered this question in finding to no due process/double jeopardy violation and affirming this Court's Judgment in its entirety. What Defendant Osaghae effectively seeks to do by way of his Rule 60(b)(4) motion is to obtain reversal of the Court of Appeals decision. This Court lacks jurisdiction to provide such relief. Reversal of the Court of Appeals decision may be had only by way of a writ of certiorari to the United States Supreme Court.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Fed. R. Civ. P. 60(b)(4) motion is DENIED.

                                             _____
                                             Gerald E. Rosen
                                             United States District Judge